ANTONIO R. HERNÁNDEZ, TRUSTEE OF THE BANCO CAJA DE ECONOMÍAS Y PRÉSTAMOS DE SAN GERMÁN, Petitioner, v. REGISTRAR OF PROPERTY OF PONCE, Appellant.

No. 1043.   Submitted April 12, 1939.—Decided June 13, 1939.

*Fernando Zapater Martínez,* for petitioner.   The Registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

María Forés Morazo stipulated in the fourth clause of her will the following:

"(b) She leaves to her nephew Benito Forés, of legal age, and an employee of the Caja de Economías y Préstamos de San Germán, all the inheritance which the testatrix inherited from her brother Santiago Forés y Morazo, in accordance with the will which the latter executed by deed No. 119 dated July 23, 1925, in the city of Ponce before the notary Gustavo Rodríguez, a certified copy of which is shown to me, the notary, by the testatrix in this Island and of which the Registrar of Property of Ponce, Puerto Rico has taken note; this legacy is made under the condition that the legatee shall preserve the goods of this inheritance for a period of twenty years from the time of the death of the testatrix without selling it, during which time he shall receive all the rents and proceeds of the same, that is, he shall have the usufruct for himself and after such term has elapsed, said property shall become the absolute property of said nephew, José Benito Forés, and that is, at the end of the term, the usufruct and the title shall become consolidated."

Among the goods acquired by and recorded in the name of José Benito Forés by virtue of and subject to said testamentary condition, there appeared three urban farms situated in the city of Ponce.

On the 9th of November, 1938, Forés and his wife executed a voluntary mortgage in favor of the corporation "Banco Caja de Economías y Préstamos de San Germán," on said three urban farms and to guarantee a loan of $15,000 principal, $500 for interest and $500 of an additional credit. As collateral guarantee Mr. Forés resigned and ceded to the creditor bank the usufruct of the mortgaged properties for a period of twenty years from the date of the deed. When the mortgage deed was presented for recording, the Registrar of Ponce refused to make the record for the reasons that he stated in the following ruling:

"The record of the mortgage contained in this document is denied because it appears from the registry that the debtor-mortgagor José Benito Forés cannot freely dispose of the farms included in it over which he has of yet no title because they form a part of the inheritance which was left to him by María Forés Morazo by her will dated October 1, 1936, and with the condition that he preserve the property of said inheritance, without selling it for a period of twenty years from the date of the death of said testatrix and that when this period expires the legatee José Benito Forés shall have absolute title to the property, meanwhile receiving the rents and profits of the same. Instead of the record, note is made for a period of one-hundred and twenty days in favor of the creditor corporation as indicated on the margin of the description of the properties. The curable defect that the agent Jaime Juan Toro does not prove his character as such, is also noted. The farms are subject to this mortgage and also farm number 2 is subject to an easement of stowage and loading (arrimo y carga) on its north side, which is indicated in its second description."

The petitioner, a trustee of the creditor bank, requests the reversal of said ruling and that we order the record of the mortgage made in favor of the bank.

██ The petitioner alleges that the contention of the registrar that "the mortgagor could not freely dispose of the farms included in the mortgage over which he did not have title" is contrary to law and the jurisprudence; that the testamentary condition, *supra,* does not prohibit the legatee from *mortgaging;* that the intention and desire of the testatrix was that the legatee should reserve the property for a period of twenty years, *without selling it;* that a breach of that condition would not have carried with it as a consequence the restitution of the properties to a third person; and that any real rights acquired subject to a condition precedent or subsequent may be mortgaged or sold and the person acquiring them becomes subject to the same condition.

It is a well founded rule of legal interpretation that all testamentary dispositions should be governed by the literal meaning of their words, unless it is clearly apparent that the testatrix had another intention in his mind and more weight should be given to the intention of the testator than to the literal meaning of the words which he used in the document. Section 624 of the Civil Code, 1930 ed.; Manresa, vol. 5, page 466.

What is the legal effect of the condition imposed on the legatee of preserving and using the inheritance for a period of twenty years without selling it in order to obtain the absolute title to said inheritance at the end of said term?

The registrar sustains that the prohibition to sell would be illusory unless it impliedly included the prohibition to mortgage, for even though a mortgage is not a sale of a property, it authorizes a sale at public auction in case of foreclosure.

Article 139 of the Mortgage Law in force provides:

"Art. 139. Voluntary mortgages may be constituted only *by persons who have the free disposition of their property,* or, if not so qualified, if authorized therefor by the law." (Italics supplied.)

The legal provision which we have just copied is in accord with the provisions of Sections 1756, 1757 and 1775 of the Civil Code, 1930 ed.

Can it be said that José Benito Forés, who in the present case executes the mortgage, has a free disposition of the property that he has tried to mortgage? To answer this question affirmatively we would have to ignore the intent of the testatrix clearly expressed in the testamentary clause, *supra,* and we would have to ignore also the legal provisions which we have cited. The legal effect of said clause can be no other than to deprive heirs of the free disposition of the inheritance until the term of twenty years of usufruct has expired. The jurisprudence in regard to the Spanish Mortgage Law cited by the registrar to uphold his ruling is convincing. It is as follows:

"That if a person has been made universal heir under the condition that he administers for himself the property but under a prohibition of the testatrix to sell them until he is fifty years old ... and if said heir has executed a mortgage on the properties inherited, the registrar should refuse to record said deed because it is defective in respect to the legal capacity of the party." (Decision of November 18, 1876.) Odriozola, *Diccionario de Jurisprudencia Hipotecaria de España,* Fourth edition (1901); page 942, title Prohibition to Sell (in regard to a will).

" . . . a mortgage executed by an heir who agreed with his coheir not to sell the property, as well as any other property of the inheritance until all the expenses of the inheritance were paid, is not recordable." (Decision of August 11, 1916). *Enciclopedia Jurídica Española,* Appendix 1916, page 367.

Morell, in volume four of his book *Legislación Hipotecaria,* page 190, in explaining Article 139 of the Mortgage Law, says:

"Those who have received property under some limitation or condition which limits the power to dispose of the property cannot execute mortgages." (Decision of November 18, 1876.)

Odriozola, in his *Diccionario de Jurisprudencia Hipotecaria,* fourth edition, pages 942 and 943, states as follows of the decisions of the General Directorate which were rendered before the change of government in Puerto Rico:

"While there exists in the record of the title made in favor of an heir *the prohibition to sell* which was imposed upon him by his testator, the registrar cannot, without violating Section 18 of the Mortgage Law, record any contract of sale executed by said heir. The power to declare an absolute prohibition to sell and the entry wherein said prohibition appears, valid or no, rests exclusively upon the courts and not with the registrars or with the General Directorate . . . Decision of June 5, 1884).

" .      .      .      .      .      .      .      .      .

"It is impossible to overlook the records made by virtue of a will and in which it appears that the right of the heir is subject to limitations imposed by the testator. A father forbade his son to sell or pledge his property until he had reached a certain age without deviating between the rights of the son as a legal heir and as a voluntary heir and the rights of the party were recorded in this manner, *it is clear that the prohibition to sell affects all the properties in their entirety;* this is the reason why, in accordance with the registrar and according to the provisions of Section 20 of the Law, no contract in violation of said prohibition may be recorded. This does not prejudge the questions raised as to whether this condition can or cannot affect the third of the inheritance which corresponds legally to the heir and whether within that limit the heir has liberty of action, notwithstanding any prohibition which may be upon the inheritance. These are questions which can be resolved only by the interested parties themselves but which cannot be denied in an administrative appeal which is bound by the conditions as they appeared in the registry. (Decision of September 2, 1895)" (Italics supplied.)

As José Benito Forés is a voluntary and not a legal heir, the prohibition to sell should have effect in regard to all the inheritance which was left to him at her death by the testatrix.

In the case of *Torruella* v. *Registrar,* 13 P.R.R. 142, this Court held that the prohibition to sell imposed by the testator was absolute and limited not only the title to the prop-

erty but also the usufruct and that a legatee could not cede the latter to a third party.

We have read at length the brief of the petitioner. The citations from Morell, Odriozola and the *Enciclopedia Jurídica Española,* referring to the legal effect of suspensive, precedent and subsequent conditions in regard to sales and mortgages, are not applicable to the present case. This is not a case in which one of those conditions is involved but an absolute prohibition to sell which limits the freedom of action of the acquiring heir.

In view of the prohibition to sell imposed by the testatrix, María Forés Morazo, we are of the opinion that the registrar acted correctly in maintaining that the heir, José Benito Forés, did not have the free disposition of the property and that he therefore could not mortgage it.

The ruling appealed from should be affirmed.